COPE, Judge
(concurring in part and dissenting in part).
On timely motion by the parties, the trial court entered an order of clarification of final judgment which imputed income of $150,000 per year to the husband. This figure is significantly in excess of the income level claimed by the husband.
The order of clarification indicates that this imputed income is based on, inter alia, tax returns of the parties and the insurance agency contract between the husband and the cluster insurance agency in which the husband is a shareholder. On this appeal the wife “does concede the trial court could not have reviewed the tax returns nor the agency agreement and was mistaken in this finding, because neither was introduced into evidence .... ” Appellee’s Answer Brief, at 40 n. 10.
Given this error in the order on which the imputation of income is based, we should reverse and remand for further proceedings on the issue of imputation of income. I do not believe that we should accept the wife’s argument that the error in the order was harmless, given -that there was other evidence before the trial court'on the issue of the husband’s income. Given that the $150,-000 figure serves as a basis for determining the husband’s ability to pay the award, and will also serve as a base line in the event of future proceedings to enforce the judgment, we should not affirm this order when there is a substantial question about the soundness of the evidentiary basis for it.
I would reverse the judgment and remand for a new hearing on the question of imputation of income to the husband, and for any adjustments to the award that may be necessary or advisable if there is a change in the imputed level of income. With that exception, I concur in affirmance as to the other points on appeal.